UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM DOUGLAS ELI COPE, JR.**                                                    **PLAINTIFF**

v.                                                           CIVIL ACTION NO. 3:15CV-P254-TBR

**JEFERSON COUNTY CIRCUIT COURT** *et al.*                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff William Douglas Eli Cope, Jr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. Upon review, for the reasons set forth herein, the Court will dismiss the action.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is an inmate at the Louisville Metro Department of Corrections. In the caption of the complaint, Plaintiff lists the "Jefferson County Circuit Court Clerk's Office Bond Division" as Defendant. In the section of the complaint form where Defendants are to be listed, Plaintiff lists Bobbi Holsclaw, whom he identifies as the "Count Clerk Circuit" at "Jefferson Co. Circuit Court Clerks Office"; and David L. Nicholson, whom he identifies as the "Circuit Crt. Clerk" at "Jefferson Co. Crt. House." He sues Holsclaw and Nicholson in their official capacities only.

Plaintiff states that on November 3, 2014, "the Jefferson County Circuit Court Clerks Office allowed Mrs. Wanda Joyce Wilson . . . to post $525.00 full cash bond on me with checking too see the fact that she had taken out a E.P.O./D.V.O. on me 5/6/2014 . . . ." He states that he had been ordered to have no contact with Wilson. He states that Wilson gave "faux

information on me" and "was permitted access to my personal informations by the Clerks Office . . . . knowing she had a active D.V.O. no-contact order against me . . . ." He maintains that the "Bond Dept." released him to Wilson and gave her "provisions to be in control of my supervision and assurances I'd be back in court as scheduled." He states that Wilson also listed an address for his "Court ordered home incarceratin program release as court recommended which the Clerks Office also was at fault for oversight's they made to release me . . . ." He represents that he is filing suit "against the Bonds Dept. for elligally allowing Mrs. Wanda Wilson too break the law, for monitary gains of currencies for the Court's bennifts."

As relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief in the form of expungement "of all records as a adult" and expungement of "all my records as fellonies."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A. Holsclaw**

Plaintiff names "Bobbi Holsclaw" as a Defendant. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the

Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Plaintiff states no factual allegations concerning Holsclaw.  Moreover, the Court takes judicial notice that Bobbie Holsclaw is the Jefferson County Clerk, not the Clerk of the Jefferson County Circuit Court.  While the complaint makes factual allegations concerning the Jefferson County Circuit Clerk's Office, it states no allegations concerning the Jefferson County Clerk's Office.  Accordingly, Plaintiff's claim against Holsclaw will be dismissed for failure to state a claim upon which relief may be granted.

**B.  Jefferson County Circuit Court Clerk's Office Bond Division and Nicholson**

Plaintiff also sues the Jefferson County Circuit Court Clerk's Office Bond Division and Nicholson in his official capacity.  The Court takes judicial notice that Nicolson is the Circuit Court Clerk of Jefferson County.  The Circuit Court "clerks are state officers whose duties are coextensive with the Commonwealth . . . ."  Ky. Rev. Stat. § 30A.010.  First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Additionally, the Eleventh Amendment[1] acts as a bar to claims for monetary damages against these Defendants.  A state, its agencies, and its officials may not be sued in their official capacities for damages in federal court unless the state has waived its sovereign immunity under

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, Plaintiff's claims against the Jefferson County Circuit Court Clerk's Office Bond Division and his official-capacity claim against Nicholson for monetary damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

Moreover, Plaintiff seeks injunctive relief in the form of expungement of his record. However, expungement is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff cannot seek relief in the form of expungement of his record under § 1983, and his claim for such relief will be dismissed for failure to state a claim.

Finally, even if Plaintiff had sued Nicholson in his individual capacity, he alleges no direct involvement in the alleged events by Nicholson. The Court presumes that Plaintiff is suing Nicholson based on his supervisory authority over the Circuit Clerk's Office's employees.

However, the doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Plaintiff fails to allege that Nicholson was directly involved in any of the alleged wrongdoing. Therefore, any individual-capacity claim against Nicholson would be subject to dismissal for failure to state a claim upon which relief can be granted.

      The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.010